UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

VICTOR MARTIN                                                                    PLAINTIFF

v.                                                      CIVIL ACTION NO. 3:08CV-P521-S

LOUISVILLE METRO GOVERNMENT *et al.*                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Victor Martin filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and KRS

§§ 431.080, 431.082, and 446.070 in Jefferson Circuit Court against the Louisville Metro

Government and several of its officers and Kroger Corporation and one of its managers.

Defendants removed the action to this Court and have now moved the Court to dismiss the action

(DNs 3 & 4).  Plaintiff did not file a response to either motion.  Upon consideration of

Defendants' motions and the relevant law, the Court will grant the motions to dismiss.  The

Court will also dismiss the claims against the Jane and John Doe security and police officers,

who did not join in the motions.

**I.**

In the unverified complaint, Plaintiff names the following Defendants in their individual

and official capacities:  Louisville Metro Government; Mayor Jerry Abramson; Louisville Metro

Police Department ("Metro Police"); Police Chief Robert White; Jane/John Doe security and

police officers; Louisville Metro Department of Corrections ("Metro Corrections"); former

Metro Corrections Director Tom Campbell; Kroger Corporation; and Jane/John Doe manager of

the Broadway Kroger store.  As relief, Plaintiff seeks $200 million in compensatory damages

from each Defendant.

According to Plaintiff, he went to the Kroger store on 28th Street and Broadway on May 2, 2007, to get some medication.  He maintains that "[u]pon arriving to and entering the store the video tape(s) will show the plaintiff offering to leave his black bag in the frount with the employee's but he was told to take the bag with him."  Plaintiff reports that after he purchased his medication and hygiene products, he was leaving the store with his receipt in hand when:

> He was stoped by security (AKA correctional and or police officers).  The security team started pushing him a 68 years old man around without cause.  They claim that Plaintiff stole something.  As it turns out Plaintiff had a gun on his person in his black bag, in which he moved to protect himself and he was charged with robbery (1st) and convicted felon with a hand gun.

Plaintiff contends that the Kroger video camera(s) "will not show him stealing anything.  But it will show the security team using excessive use of force against him."  Plaintiff reports that he is currently incarcerated in Metro Corrections on a $15,000 full cash bond under Indictment No. 07-CR-1597.

Plaintiff claims that Metro Corrections and Metro Police and its officers "violated both Kroger and their agencies policies as a municipality."  He further claims that Chief White, Director Campbell, and Mayor Abramson "are liable and has not immunities for not adequately training their officer(s) likewise the Kroger manager(s) and corporation executive staff."

Plaintiff alleges violations of the First, Fifth, Sixth, Eighth, Eleventh, Thirteenth, and Fourteenth Amendments to the U.S. Constitution and violations of KRS §§ 431.080, 431.082, 446.070.  He additionally alleges slander, false arrest, false imprisonment, unlawful imprisonment, involuntary servitude, cruel and unusual punishment, deliberate indifference, malice and malicious prosecution, and excessive use of force.

2

## II.

In their motion to dismiss, Defendants Louisville Metro Government, Metro Police, Metro Corrections, Mayor Abramson, Chief White, and Director Campbell raise the following arguments:  (1) the official-capacity claims against Abramson, White, and Campbell and all claims against Metro Police and Metro Corrections must be dismissed as those claims are actually claims against Louisville Metro Government; (2) Plaintiff's allegations of a violation of his Fourteenth Amendment rights fail to state a claim; (3) Plaintiff's Fourth Amendment claims are barred by the statute of limitations; and (4) Plaintiff's state-law claims are barred by the statute of limitations (DN 3).

Defendants Kroger Limited Partnership I, the Kroger Co., and the Jane/John Doe manager of the Broadway Kroger store also filed a motion to dismiss (DN 4).  They argue: (1) that Plaintiff's claims against Kroger fail to state a claim upon which relief may be granted; (2) that Plaintiff's claims are barred by the statute of limitations and/or are not applicable to Kroger and its employees; and (3) that Plaintiff has not obtained proper issuance and/or service of process against the Kroger Defendants.

## III.

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2)

take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561

F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)

(citations omitted)).  "But the district court need not accept a 'bare assertion of legal

conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d

1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949

(quoting *Twombly*, 550 U.S. at 555, 557).

## A.     42 U.S.C. § 1983

### 1.  Claim of malicious prosecution

"While the state of the law of malicious prosecution is somewhat uncertain in this circuit,

it nonetheless remains firmly established that where there is probable cause to prosecute, a

§ 1983 action for malicious prosecution will not lie." *McKinley v. City of Mansfield*, 404 F.3d

418, 444-45 (6th Cir. 2005) (internal citations omitted).  Further, "[o]ne element that must be

alleged and proved in a malicious prosecution action is termination of the prior criminal

proceeding in favor of the accused." *Heck v. Humphrey*, 512 U.S. 477, 484 (1994); *Fox v.*

*DeSoto*, 489 F.3d 227, 235 (6th Cir. 2007) ("*Heck* held that a claim of malicious prosecution

does not accrue until the underlying conviction is invalidated, and this holding was reaffirmed in

*Wallace[v. Kato]*, 549 U.S. 384, 394 (2007)); *Lillard v. City of Murfreeboro*, No. 3:07-1036,

4

2009 WL 2047048, at *8 (M.D. Tenn. July 10, 2009) ("For malicious prosecution claims under section 1983, the cause of action accrues, and the statute begins to run, when the underlying criminal proceeding terminates in the plaintiff's favor."). Here, Plaintiff has not alleged that the criminal proceeding against him has been terminated in his favor. He, therefore, fails to state a cognizable malicious prosecution claim at this time, and that claim will be dismissed.

### 2. All other § 1983 claims

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. Ann. § 413.140(1). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that, in general, the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). However, "a claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wallace v. Kato*, 549 U.S. 384, 397 (2007)). When the face of the complaint shows that an action is time barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Plaintiff claims that the alleged unconstitutional violations occurred on May 2, 2007, when attempting to leave the Broadway Kroger store.  This is the accrual date of his claims.[1] The one-year limitations period expired one year later on May 2, 2008.  Plaintiff, however, did not file his complaint until July 1, 2008, two months *after* the expiration of the limitations period, rendering his § 1983 claims untimely.

In the complaint, Plaintiff argues that he is within the one-year limitations period "Because Weekends and National Hollidays Stops the Toll Time."  Plaintiff is mistaken.  Rather, under Fed. R. Civ. P. 6,

> **(a) Computing Time.**  The following rules apply in computing any time period specified in these rules or in any local rule, court order, or statute:
>
> **(1) Day of the Event Excluded.**  Exclude the day of the act, event, or default that begins the period.
>
> **(2) Exclusions from Brief Periods.**  Exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days.
>
> **(3) Last Day.**  Include the last day of the period unless it is a Saturday, Sunday, legal holiday, or--if the act to be done is filing a paper in court--a day on which weather or other conditions make the clerk's office inaccessible.  When the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible.

Thus, only when the period of time is less than 11 days are intermediate Saturdays, Sundays, and legal holidays excluded.  Because the applicable statute-of-limitations period is one year, the intermediate Saturdays, Sundays, and legal holidays are included in computing the limitations period, unless one of those days is the last day of the time period, which is not the case here.[2]

---

[1] Plaintiff was arraigned, or detained pursuant to legal process, on May 14, 2007.  *See* Docket Sheet Jefferson Circuit Court Case No. 07-CR-1597.  Thus, even using that date as the accrual date for his Fourth Amendment claims, those claims are untimely.

[2] May 2, 2008, fell on a non-holiday Friday.

6

Accordingly, the remaining § 1983 claims are time-barred and must be dismissed.

**B.      State-law claims**

Any state-law claims of slander,[3] false arrest/imprisonment, excessive force are barred by the applicable one-year statute of limitations.  *See* KRS § 413.140(1)(a) (one-year limitations period for an action "for an injury to the person of the plaintiff"); § 413.140(1)(c) (one-year limitations period for an action "for malicious prosecution, conspiracy, arrest . . ."); § 413.140(1)(d) (one-year limitations period for an action "for libel or slander").  Plaintiff additionally fails to state a state-law claim of malicious prosecution as he has neither alleged nor demonstrated "the termination of [his criminal] proceedings" in his favor, one of the six essential elements of that tort.  *Raine v. Drasin*, 621 S.W.2d 895, 899 (Ky. 1981) (listing the six elements of a malicious-prosecution claim); *Davidson v. Castner-Knott Dry Goods Co.*, 202 S.W.3d 597, 602 (Ky. App. 2006) ("[O]ne claiming malicious prosecution must strictly comply with the elements of the tort.").  None of the other miscellaneous state statutes to which Plaintiff cites in his complaint either create a cause of action or apply to the facts as alleged.[4]  Consequently, Plaintiff has failed to state any state-law claims upon which relief may be granted, and those claims must be dismissed.

---

[3]The Court construed this only as a state-law claim because "[d]efamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."  *Siegert v. Gilley*, 500 U.S. 226, 233 (1991).

[4]Section 431.080 provides that a conviction of felony does not bar civil remedy; § 431.082 provides for a civil action by a victim against the defendant in the criminal case; and § 446.070 provides that a person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation.

**C.      John and Jane Doe security and police officers**

These Defendants were not joined in either motion to dismiss.  In the Sixth Circuit, however, "a district court may, at any time, *sua sponte* dismiss a [matter] for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).  The Court concludes that the claims against the Jane and John Doe security and police officers, who Plaintiff alleges were involved in the May 2, 2007, incident at the Kroger store, are untimely and fail to state a claim upon which relief may be granted.  The Court, therefore, further concludes that the claims against those Defendants are frivolous, devoid of merit and no longer open to discussion and must be dismissed pursuant to Rule 12(b)(1).

## IV.

Because Plaintiff's claims are untimely and fail to state a claim upon which relief may be granted, **IT IS ORDERED** that Defendants' motions to dismiss (DNs 3 & 4) are **GRANTED** and that all claims against those Defendant are **DISMISSED** as a matter of law.

For those same reasons, **IT IS FURTHER ORDERED** that claims against the Jane and John Doe security and police officers are **DISMISSED** as a matter of law.

The Court will enter a separate Order dismissing the action.

Date:   August 31, 2009

**Charles R. Simpson III, Judge**
**United States District Court**

cc:      Plaintiff, *pro se*
         Counsel of Record
4411.005

8